The relief described hereinbelow is SO ORDERED

Done this 16th day of September, 2014.



*William R. Sawyer*
*United States Bankruptcy Judge*

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

In Re:                    )
Andrae Renae Chambers,    )    Case No.: 14-80298
    Debtor.               )    Chapter 13

### ORDER

This matter coming before the Court on the Motion for Relief from Automatic Stay filed by Farmers & Merchants Bank (hereinafter "Creditor") seeking relief from the automatic stay of 11 U.S.C. § 362. Based upon the agreement of counsel, the Creditor's Motion for Relief from Automatic Stay of 11 U.S.C. § 362 is hereby conditionally denied and it is hereby ORDERED that:

1. That the Creditor holds a properly perfected security interest in real property located at: 210 Alabama Avenue, Valley, Alabama 36854.

2. That the debtor shall cure the post-petition arrears through September, 2014 in the amount of $5,355.93 to the Creditor on or before October 1, 2014, or the stay will terminate without further notice or order.

3. The Creditor has incurred $175.00 in costs, and $623.50 in attorney fees. The debtor shall pay the fees and costs directly by December 1, 2014. If the debtor fails to pay fees and costs by December 1, 2014, then the stay shall terminate without further notice or order.

4. In the event the Debtor cures the default on or before October 1, 2014, the automatic stay as the Creditor will be remain in effect. Should the debtor default on future payments to the Creditor and the payments are not paid within thirty (30) days of the due date, then the automatic stay as to the Creditor will be terminated without further Order from the Court. Further, the Creditor is allowed to communicate with the Debtor any communication required under the note and mortgage or under state law. Waiver of default shall not constitute waiver of subsequent default. The Debtor is responsible for reasonable attorney fees involved in the enforcement of this Order.

5. If relief from the automatic stay under 11 U.S.C. § 362 becomes effective, this Creditor is thereafter entitled to enforce any and all of its right, title, interest in and to the subject property under applicable non-bankruptcy law. The filing and service of Notice of Payment Change and/or Notices of Post-Petition Fees, Expenses, and Charges, as described by FRBP 3002.1(b) and FRBP 3002.1(c) are not required once relief from the automatic stay under 11 U.S.C. § 362 is triggered and becomes effective. Upon entry of this Order granting relief from the automatic stay under 11 U.S.C. § 362, the 14-day stay of Rule FRBP 4001.(a)(3) is waived.

### END OF ORDER###

This document was prepared by:
/s/ Charles M. Ingrum, Jr.
Charles M. Ingrum, Jr. (ING-028)
Attorney at Law
P.O. Box 229
Opelika, AL 36803-0229
Telephone Number: (334) 745-3333
Facsimile Number: (334) 745-3155
bankruptcy@irplaw.com

This order was approved by Joseph M. Tucker, Creditor's attorney and Curtis C. Reding, Trustee