UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

IN RE: )
    CHAMBERS, ANDRAE RENAE ) Chapter 13
    ) Case No.: 14-80298
Debtor. )

## MOTION FOR RELIEF FROM AUTOMATIC STAY

**NOW COMES** the Movant, CAPTIAL CITY BANK ("CCB"), a secured creditor herein, by its attorneys, Gullage & Tickal, LLP, and, pursuant to § 362 of 11 U.S.C. § 1301, and §§ 101 et seq. (the "Bankruptcy Code") and Rule 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), moves this Honorable Court (this "Motion") for relief from the Automatic Stay to permit CCB to exercise all of its statutory and contractual rights and remedies in and to certain properties described herein. Relief is requested for multiple residential real properties described herein. In support of this Motion, CCB relies on the Debtor's schedules, along with proof of secured interest and note attached hereto as **Exhibits "A" and "G"** and further states as follows:

### JURISDICTION

1.    On or about March 7, 2014 Andrae Renae Chambers ("Debtor") filed his voluntary petition for relief under Chapter 13 of the Bankruptcy Code with the Clerk of this Court.

2.    On March 27, 2014 Debtor filed his proposed Chapter 3 Plan ("Plan") and Bankruptcy Schedules and Income Statements ("Schedules").

3.    On September 12, 2014, CCB file two Proofs of Claim ("Claims"), being Claim# 27 and Claim# 28 for two loans securing three residential real properties described hereinafter.

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a "core proceeding" within subpart (b) of the former statute. The statutory predicate for the relief requested herein is Bankruptcy Code § 362.

## FACTS

### LOAN NUMBER XXXXXX3771

5. On September 22, 2006, Debtor signed that certain Promissory Note ("Loan 3771") (a true and correct copy is attached hereto as "**Exhibit A**") in favor of CCB in the principal amount of $53,500.00, along with that certain mortgage ("Mortgage 3771") (a true and correct copy is attached hereto as "**Exhibit B**") and along with that certain Assignment of Rents ("Assignment 3771") (a true and correct copy is attached hereto as "**Exhibit C**") for the purpose of purchasing a residential property commonly known as: 208 Crestview Lane, Valley, Alabama 36854 ("Collateral").

6. Debtor is in default under the terms of the Loan 3771 documents in that he has failed to make post petition "outside of plan" payments.

7. As of September 16, 2014, the amount outstanding on Loan 3771, consisting of principal in the amount of $42,062.22, accrued interest in the amount of $1,194.29, and fees of $518.73.

### LOAN NUMBER XXXXXX3770

8. On July 25, 2008, Debtor signed that certain Promissory Note ("Loan 3770") (a true and correct copy is attached hereto as "**Exhibit D**") in favor of CCB in the principal amount of $84,000.00, secured by a residential property commonly known as: 611 Harwell Avenue, LaGrange, Georgia 30240 ("Collateral"), evidenced by that certain Security Deed ("Deed 3770")

(a true and correct copy is attached hereto as "**Exhibit E**") signed on July 25, 2006 and secured by a residential property commonly known as: 49 Library Street, Valley, Alabama 36854 ("Collateral") evidenced by that certain Mortgage ("Mortgage 3770") (a true and correct copy is attached hereto as "**Exhibit F**") signed on July 25, 2006 and that certain Assignment of Rents ("Assignment 3770") (a true and correct copy is attached hereto as "**Exhibit G**").

9. Debtor is in default under the terms of the Loan 3770 documents in that he has failed to make post petition "outside of plan" payments.

10. As of September 16, 2014, the amount outstanding on Loan 3770, consisting of principal in the amount of $68,965.30, accrued interest in the amount of $3,157.71, and fees of $1,120.86.

11. As of the date of the filing of this Motion, Debtor has not proposed to make and has not made any adequate protection payments.

12. As of the date of the filing of this Motion, Debtor has not provided proof of insurance on the Collateral, and it is CCB's belief that there is no insurance currently in effect for the Collateral other than the force-placed insurance purchased by CCB.

**BASIS FOR RELIEF REQUESTED**

13. Section 362(d) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under sub-section (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay- (1) for cause, including lack of adequate protection in an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of the section if – (A) the debtor does not have any equity in such property; and (B) such property is not

necessary to an effective reorganization." 11 U.S.C. § 362(d).

14. Movant requests relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1) with respect to the above described real properties on the grounds that the Debtor has failed to perform her statutory duties in accordance therewith.

15. Debtor is in pre-petition and post-petition default.

16. Therefore, cause exists for terminating the Automatic Stay due to the fact that CCB's interest in said properties is not adequately protected.

17. CCB avers that the Loans are in default, and CCB has not received any payments since the commencement of this Case. Additionally, Debtor has not proposed to make and has not made any adequate protection payments to CCB.

18. Debtor's failure to make any payments demonstrates a continuing default; consequently, if CCB is not granted relief from the Automatic Stay to proceed with applicable non-bankruptcy remedies with regard to the collateral described hereinabove it will suffer irreparable injury, loss and damage, as Debtor is not making any payments ("outside of plan" payments) as set forth in Debtor's Plan filed with this court and has not provided any proof of insurance for the Collateral.

19. Additionally, pursuant to Bankruptcy Code Section 362(d)(2), a creditor may obtain relief from the automatic stay if the property is not necessary to the debtor's effective reorganization and if there is no equity in such property. *Id.,* § 362(d)(2).

20. Here, the Collateral is not necessary to an effective reorganization of Debtor.

21. The purpose of the bankruptcy filing was to thwart CCB's efforts to exercise its contractual right of foreclosing on the Collateral, since the Collateral is not necessary for the

effective reorganization of the Debtor. Therefore, the filing of this Case was part of a scheme to delay and hinder CCB from pursuing the Collateral.

22. As such, grounds exist to terminate the automatic stay to permit CCB to exercise all of its statutory and contractual rights and remedies in and to the Residential Property and the Commercial Property pursuant to Bankruptcy Code § 362(d)(2).

23. CCB avers that the 14 day stay of Fed. R. Bankr. P. 4001(a)(3) should be waived, as the Debtor filed for protection pursuant to Title 11, Chapter 13 of the United States Code, and is on notice of the potential penalties for non-compliance.

**WHEREFORE**, CCB requests the entry of an order modifying and terminating the stay, as well as any co-debtor stay, to permit CCB to exercise all of its statutory and contractual rights and remedies in and to the Collateral described hereinabove, including, without limitation, foreclosing the security instruments and taking possession of or further liquidating the value of the properties. Additionally, CCB requests that the Court waive the fourteen (14) day stay imposed by Rule 4001(a)(3) and grant such other an further relief as the Court deems appropriate.

Respectfully submitted this 19th day of September, 2014.

                                                          CCB BANK

                                                          */s/ Benjamin H. Meade*
                                                          Attorney for Movant

Of counsel:
Gullage & Tickal, LLP
511 Geneva Street
Opelika, Alabama 36801

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and accurate copy of the foregoing document via either this Court's Electronic Filing System or United States Postal Mail, postage prepaid and properly addressed, on the following parties on this the 19th day of September, 2014:

Hon. Curtis C. Reding, Trustee
Post Office Box 173
Montgomery, Alabama 36101

Hon. Charles M. Ingrum, Jr.
Post Office Box 229
Opelika, Alabama 36803

Mr. Andrae Renae Chambers
302 Crewstview Lane
Valley, Alabama 36854

All Parties of Record via the CM/ECF Electronic Filing System.

*/s/ Benjamin H. Meade*
Attorney for Movant