IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE:

ANDRAE RENAE CHAMBERS,             CASE NO.: 14-80298-WRS
                                                          CHAPTER 13

DEBTOR.

## MOTION FOR ACCESS TO PROPERTY, OR IN THE ALTERNATIVE, DEMAND FOR POSSESSION

**COMES NOW** Branch Banking and Trust Company, successor in interest to Colonial Bank by asset acquisition from the FDIC as Receiver for Colonial Bank ("**BB&T**" or "**Lender**"), a secured creditor in this bankruptcy proceeding, and files this motion ("**Motion**") for access to property, or in the alternative, demand for possession to permit BB&T to allow BB&T and its agents access to certain property to examine and inspect the property as required under the loan and supporting loan documents related to the obligations of Andrae Renae Chambers ("**Debtor**") to BB&T. In support of this Motion, BB&T relies on the pleadings of record and the exhibits attached hereto and states as follows:

### JURISDICTIONAL BACKGROUND

1. On March 7, 2014 ("**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the Bankruptcy Code.

2. On March 27, 2014, Debtor filed his proposed Chapter 13 Plan ("**Plan**") [Doc. 16] and Bankruptcy Schedules and Income Statements ("**Schedules**") [Doc. 15].

3. On April 8, 2014, BB&T filed a Proof of Claim (hereinafter referred to as the "**Claim**") [Claim #10] for the loan described in the following paragraphs.

4.      On April 23, 2014, BB&T filed a Motion for Relief from Stay [Doc. 26] regarding three loans, including the loan and property currently at issue.

5.      On May 12, 2014, this Court entered an Order granting BB&T's Motion for Relief from Stay [Doc. 32].

6.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief requested herein is Bankruptcy Code § 105 and § 362.

## FACTUAL BACKGROUND

### I.     LOAN NUMBER ----7040-00003

7.      On March 29, 2007, Debtor executed that certain Commercial Promissory Note and Security Agreement in the original principal amount of Seventy One Thousand Five Hundred Ninety Five and 87/100 Dollars ($71,595.87) (together with all renewals, modifications, increases and extensions thereof, "**Note 3**") in favor of the Lender ("**Loan 3**"), and on December 16, 2003, Debtor executed that certain Mortgage in favor of the Lender recorded on December 31, 2003, as Document Number 2003-6621 in the Probate Office of Chambers County, Alabama ("**Mortgage 3**") and granting to the Lender a first priority security interest in certain real property more particularly described therein ("**Property 3**"). *See* [Doc. 26] and affidavit attached thereto. Upon information and belief, Property 3 has the physical address of 302 U.S. Hwy 29, although it is listed as 305 U.S. Hwy 29 in the Schedules. *See* [Doc. 26] and affidavit attached thereto. A true and correct copy of Note 3 is attached hereto as **Exhibit A**. A true and correct copy of Mortgage 3 is attached hereto as **Exhibit B**.

8.      BB&T and Debtor entered into a Forbearance Agreement ("**Forbearance Agreement 3**"), dated September 17, 2013, extending the maturity date of Loan 3 to March 10,

2

2014. *See* [Doc. 26] and affidavit attached thereto. Note 3, Mortgage 3, Forbearance Agreement 3 and the other related documents executed by the Debtor are hereinafter collectively referred to as the "**Loan 3 Documents**." A true and correct copy of Forbearance Agreement 3 is attached hereto as **Exhibit C**. BB&T is the owner and holder of the Loan 3 Documents. *See* [Doc. 26] and affidavit attached thereto.

9. Debtor defaulted under the terms of the Loan 3 Documents by failing to pay the full amount of the indebtedness on the maturity date. *See* Affidavit of Melody S. Fischer attached hereto as **Exhibit D** (hereinafter referred to as the "**Fischer Affidavit**").

10. As of the date of filing this Motion, the full amount owed under the Loan 3 Documents is still outstanding. *See* Fischer Affidavit.

11. As evidenced by the Fischer Affidavit and the exhibits attached hereto, BB&T is the holder of an interest in Property 3 (the "**Collateral**"), duly recorded and perfected.

12. During the pendency of this case, BB&T has not received any payments from Debtor. *See* Fischer Affidavit.

13. Since BB&T's Motion for Relief was granted, BB&T, through its attorney, has requested access to Property 3 numerous times, as allowed under the terms of the Loan 3 Documents, to conduct environmental inspections. However, Debtor as not allowed BB&T's inspector access to Property 3. As of the date of filing this Motion, BB&T has not been allowed access to the Property, despite the provisions of the Loan 3 Documents. *See* Fischer Affidavit.

14. Specifically, Paragraph 7 of Mortgage 3 provides "Lender or its agents may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property."

3

15. In addition, Paragraph 9 of Mortgage 3 states "If . . . there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy . . . ), then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property . . . ."

## ARGUMENT

16. The terms of Mortgage 3 grant BB&T the right to enter and inspect Property 3. *See* Mortgage 3. Therefore, Debtor is contractually obligated to allow BB&T and its agents to access Property 3 to examine and inspect Property 3.

17. Further, Mortgage 3 provides, among other rights, that if there is a default under Loan 3, BB&T is entitled to "do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property . . . ," including taking possession of Property 3. *See* Mortgage 3. As set forth above, Debtor has defaulted under the terms of Loan 3, and the automatic stay has been lifted. Therefore, BB&T is entitled to take possession of Property 3.

18. Debtor has failed and refused and to allow BB&T and its agents access to Property 3 to conduct environmental inspections.

19. The purpose of the bankruptcy filing was to thwart BB&T's efforts to exercise its contractual right of foreclosing on the Collateral, since the Collateral is not necessary for the effective reorganization of Debtor. Therefore, the filing of this Case was part of a scheme to delay and hinder BB&T from pursuing the Collateral.

20. If BB&T is not granted access to Property 3, Debtor will continue to hinder BB&T from pursuing the Collateral.

4

21. In light of the foregoing, grounds exist for the Court to require Debtor to permit BB&T to exercise all of its statutory and contractual rights and remedies in and to the Collateral, including conducting environmental inspections and testing.

**WHEREFORE**, BB&T respectfully requests that this Court order Debtor to allow BB&T and its agents access to Property 3 to examine and inspect Property 3 as specifically required under the Loan 3 Documents. Alternatively, if Debtor refuses to allow BB&T and its agents access to Property 3, BB&T requests that this Court enter an Order allowing BB&T to enter and take possession of Property 3 due to the default by Debtor. BB&T also requests that the Court grant such other and further relief as the Court deems appropriate.

Dated this the 13th day of February, 2015.

/s/ D. Brent Hargett
D. Brent Hargett
Attorney for Branch Banking and Trust Company
Our File No.: 37044.264

OF COUNSEL:
SASSER, SEFTON & BROWN, P.C.
P.O. Box 4539
Montgomery, AL 36103-4539
Telephone: (334) 532-3400
bhargett@sasserlawfirm.com

5

Case 14-80298    Doc 98    Filed 02/13/15    Entered 02/13/15 08:38:11    Desc Main
                           Document      Page 5 of 6

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a true and correct copy of the foregoing Motion to the Debtor, Counsel for Debtor, Bankruptcy Trustee, and Bankruptcy Administrator listed below by placing a copy of the same in the United States Mail first-class, postage prepaid, on this the 13th day of February, 2015.

Andrae Renae Chambers
302 Crestview Lane
Valley, AL 36854
Debtor

Charles M. Ingrum, Jr., Esq.
Ingrum, Rice & Parr, LLC
P.O. Box 229
Opelika, AL 36803
Attorney for Debtor

U.S. Bankruptcy Administrator
One Church Street
Montgomery, AL 36104

Curtis C. Reding
Bankruptcy Trustee
P.O. Box 173
Montgomery, AL 36101

                                              /s/ D. Brent Hargett

6

Case 14-80298   Doc 98   Filed 02/13/15   Entered 02/13/15 08:38:11   Desc Main
Document   Page 6 of 6