UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

IN RE:                              )
CHAMBERS, ANDREA RENAE              )          Chapter 13
                                    )          Case No.: 14-80298
     Debtor.                        )

## MOTION FOR ACCESS TO PROPERTY

**NOW COMES** the Movant, CAPITAL CITY BANK ("CCB"), a secured creditor herein, by its attorneys, Gullage & Tickal, LLP, and, pursuant to §§ 105 & 362 of 11 U.S.C. § 1301, and §§ 101 et seq. (the "Bankruptcy Code") and Rule 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), moves this Honorable Court (this "Motion") for access to property, or in the alternative, demand for possession. Relief is requested for multiple residential real properties described herein. In support of this Motion, CCB relies on the Debtor's schedules, Chapter 13 Plan, along with previously filed documents described herein and further states as follows:

### JURISDICTION

1.      On or about March 7, 2014 Andrea Renae Chambers ("Debtor") filed his voluntary petition for relief under Chapter 13 of the Bankruptcy Code with the Clerk of this Court.

2.      On March 27, 2014 Debtor filed his proposed Chapter 3 Plan ("Plan") and Bankruptcy Schedules and Income Statements ("Schedules").

3.      CCB file two Proofs of Claim ("Claims"), being Claim# 27 and Claim# 28 for two loans securing three residential real properties described hereinafter.

4.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334.  This is a "core proceeding" within subpart (b) of the former statute.  The statutory predicate for the relief requested herein is Bankruptcy Code § 105 and § 362.

**FACTS**

5. On September 19, 2014 CCB filed a Motion for Relief from Stay [Doc 65] based upon the Debtor's default on the multiple loans secured by multiple properties made the subject of this motion.

6. On October 17, 2014 the Court entered an order Conditionally Denying CCB's Motion for Relief from Stay [Doc 75] as an agreed-to Order by the parties, which conditioned the denial upon the Debtor remaining current after the entering of the Order.

7. As is customary, the aforesaid motion included stipulations that the creditor would be granted the requested relief should the Debtor default and fail to cure.

8. On October 31, 2014, CCB filed a Notice of Default and Right to Cure [Doc 80] as Debtor had failed to abide by the agreed-to Order and defaulted.

9. Since the filing of the Notice, the cure period expired without the Debtor tendering cure.

10. CCB's Motion for Relief sought relief to pursue collateral securing a Note ("Loan 3771") commonly known as: 208 Crestview Lane, Valley, Alabama 36854.

11. CCB's Motion for Relief sought relief to pursue collateral securing a Note ("Loan 3770") and commonly known as:  611 Harwell Avenue, LaGrange, Georgia 30240.

12. CCB's Motion for Relief sought relief to pursue collateral securing a note ("Loan 3770") and commonly known as:  49 Library Street, Valley, Alabama 36854.

13. As per the terms of the Order, CCB is free to pursue said collateral.

14. As per the Loan Documents, Mortgages and Assignment of Rents, CCB has a right to enter upon the property to attend to the interests of CCB and to inspect the property.

15. Since obtaining relief pursuant to the Order, CCB has initiated foreclosure actions against the properties.

16. CCB seeks to exercise its contractual rights and conduct pre-foreclosure inspections and appraisals.

17. As such, CCB has, through its attorney, requested access and contact information for tenants or occupants on numerous occasions. However, Debtor has not allowed CCB's inspector access to the properties or provided necessary contact information for tenants or occupants. As of the date of filing of this Motion, CCB has not been provided the requested contact information or been provided access to the properties.

**ARGUMENT**

18. The terms of the contractual documents and the Order specify that CCB is free to pursue the collateral, including a contractual obligation of the Debtor to allow CCB to enter and inspect the properties.

19. Debtor has failed and refused to allow CCB and its agents access to the properties to conduct appraisals and inspections, and to provide CCB with necessary contact information for any tenants or occupants.

20. The purpose of the bankruptcy filing was to thwart CCB's efforts to exercise its contractual right of foreclosing on the collateral, since the collateral is not necessary for the effective reorganization of Debtor. Therefore, the filing of this Case was part of a scheme to delay and hinder CCB from pursuing the collateral.

21. If CCB is not granted access to the aforementioned properties, Debtor will continue to hinder CCB from pursuing the collateral.

22. In light of this Motion, grounds exist for the Court to require the Debtor to allow CCB to exercise all of its statutory and contractual rights and remedies in and to the collateral, including conducting appraisals and inspections and communication with the tenants or occupants.

**WHEREFORE**, CCB requests the entry of an order directing the Debtor to provide access and tenant or occupant contact information to the properties commonly known as: 208 Crestview Lane, Valley, Alabama 36854; 611 Harwell Avenue, LaGrange, Georgia 30240; and 49 Library Street, Valley, Alabama 36854. Additionally, CCB requests that the Court grant such other and further relief as the Court deems appropriate.

Respectfully submitted this 20th day of February, 2015.

CAPITAL CITY BANK

*/s/ Jeffrey G. Tickal*
Attorney for Movant

Of counsel:
Gullage & Tickal, LLP
511 Geneva Street
Opelika, Alabama 36801

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and accurate copy of the foregoing document via either this Court's Electronic Filing System or United States Postal Mail, postage prepaid and properly addressed, on the following parties on this the 20th day of February, 2015:

Hon. Curtis C. Reding, Trustee
Post Office Box 173
Montgomery, Alabama 36101

Hon. Charles M. Ingrum, Jr.
Post Office Box 229
Opelika, Alabama 36803

Mr. Andrae Renae Chambers
302 Crestview Lane
Valley, Alabama 36854

U.S. Bankruptcy Administrator
One Church Street
Montgomery, Alabama 36104


All Parties of Record via the CM/ECF Electronic Filing System.

                                                    */s/ Jeffrey G. Tickal*
                                                    Attorney for Movant