# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

In re: ANDRAE RENE CHAMBERS,　　)
　　　　　　　　　　　　　　　　　　　)
　　　Debtor.　　　　　　　　　　　　) 　　CASE NO.: 14-80298
　　　　　　　　　　　　　　　　　　　)

## MOTION FOR RELIEF FROM AUTOMATIC STAY

　　TitleMax of Alabama, Inc., hereinafter "TitleMax," moves this Honorable Court for relief from the automatic stay, pursuant to 11 U.S.C. § 362, that the below described property is no longer property of the estate, for "cause" under 11. U.S.C. § 362(d)(1), and 11. U.S.C. § 362(d)(2). In support thereof, TitleMax states as follows:

1.　　The debts at issue arise from two pawn transactions entered into between Andrae Rene Chambers, hereinafter "Debtor," and TitleMax. Debtor originally entered into the first pawn transaction on February 17, 2012 regarding a 2002 Chevrolet Avalanche, VIN 3GNEC13T52G248632, hereinafter "Avalanche." [Exhibit A]. Debtor borrowed $5,000.00 from TitleMax. TitleMax properly recorded its lien. [Exhibit B]. Debtor has entered into new pawn transactions, new debts, on this vehicle prior to the bankruptcy proceedings, during the bankruptcy proceedings, and post confirmation. The last pawn transaction Debtor entered into was on January 31, 2015. [Exhibit C]. According to the terms of the pawn contract, the debtor was to repay the $4,990.75 borrowed plus a pawnshop charge in the amount of $498.58 on March 2, 2015.

2.　　Debtor entered into a separate pawn transaction relating to a 1994 Ford F150, VIN 1FTET15N9RNA76719, hereinafter "F150," on August 22, 2013. [Exhibit D]. Debtor borrowed

$2,500 from TitleMax. TitleMax properly recorded its lien. [Exhibit E]. Debtor has entered into new pawn transactions, new debts, on this vehicle prior to the bankruptcy proceedings, during the bankruptcy proceedings, and post confirmation. The last pawn transaction Debtor entered into was on January 13, 2015. [Exhibit F]. According to the terms of the pawn agreement, the Debtor was to repay $2,496.97 borrowed plus a pawnshop charge in the amount of $274.42 on February 12, 2015.

3. Debtor filed for a voluntary Chapter 13 bankruptcy on March 7, 2014.

4. Debtor listed the F150 as property of the estate in his bankruptcy plan. He valued the property at $1,500. Debtor did not list the Avalanche as property of the estate. Debtor never listed the liens held by TitleMax on these vehicles or listed TitleMax as the secured creditor on the vehicles.

5. TitleMax never received notice of the bankruptcy filing.

6. On June 20, 2014, Debtor's plan was confirmed by this Honorable Court.

7. The pawn agreement on the Avalanche matured on March 2, 2015. The pawn agreement on the F150 matured on February 12, 2015. Under Alabama law, the debtor had thirty days to redeem the vehicles after the maturity date. Ala. Code § 5-19A-6. Debtor failed to do so. Debtor has failed to take any steps in making a colorable attempt to redeem these vehicles.

9. On or about April 13, 2015, TitleMax repossessed the Avalanche and the F150.

10. Due to this bankruptcy proceeding, the Avalanche was returned to the Debtor on April 24, 2015. Debtor picked up the F150 on April 29, 2015.

11. The only right of the Debtor's estate is the right conferred by state law. *See In re Lewis*, 177 F.3d 1280 (11th Cir. 1998) ("As the bankruptcy and district courts correctly stated, however, the

nature and existence of debtor's right to property is determined by looking at state law.") (internal citations omitted). The Alabama Code defines a "pawn transaction" as a "loan on the security of pledged goods on condition that the pledged goods are left with the pawnbroker and may be *redeemed* or repurchased by the seller for a fixed price within a fixed period of time." Alabama Code § 5-19A-2(3) (emphasis added). The Code also states that "a pledgor shall have no obligation to *redeem* pledged goods . . . Pledged goods not *redeemed* . . . shall be forfeited to the pawnbroker." Alabama Code § 5-19A-6 (emphasis added). It also provides that a pledgor "shall be entitled to *redeem* or repurchase the pledged goods." Alabama Code § 5-19A-9(a) (emphasis added). The Code further states that "pledged goods not *redeemed* on or before the maturity date . . . shall be held . . . for 30 days following that date and may be *redeemed* or repurchased by the pledgor or seller within the period by the payment of the originally agreed *redemption* price, and by the payment of an additional pawnshop charge." Ala. Code § 5-19A-10 (emphasis added). Thus, the only right held by Debtor under state law is to repay the pawn in the time period allotted, nothing more.

12. *In re Lewis* involved a vigorous dispute regarding the ownership interest in a repossessed automobile. *In re Lewis*, 177 F.3d 1280, 1283 (11th Cir. 1998). The debtor contended that the repossessed vehicle should be property of the estate under the State of Alabama's version of the commercial code. *Id*. at 1282. While the appellate court held that the debtor's estate had an interest in the automobile under federal law, that interest was only a right of redemption under state law. *Id*. at 1284. Pawn contracts are controlled by state law. *See generally* Ala. Code § 5-19A-1, et.seq. The Debtor was in default in the contract with TitleMax. Under state law, the only right that a pledgor has in the goods is to redeem the goods at the end of the 30 day contract. *Id*. Since the debtor did not do so, the vehicles are no longer property of the estate.

13. TitleMax is entitled to relief from the automatic stay for "cause" under 11. U.S.C. § 362(d)(1). Pursuant to 11 U.S.C. § 362(d), the automatic stay may be terminated, annulled, modified or conditioned for "cause". In connection with "cause", "a petition filed in bad faith also justifies relief from a stay." *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989). "Whether cause exists to grant stay relief must be determined on a case by case basis based upon the totality of the circumstances in each particular case." *In re Mack*, 347 B.R. 911, 915 (M.D. Fla. 2006). "Although there is no precise test for determining bad faith, courts have recognized factors which show an intent to abuse the judicial process and the purposes of reorganization provisions." *Dixie Broadcasting*, 871 F.2d at 1026. "The totality of the circumstances of a case encompasses, among other things, how the parties have conducted themselves, their good or bad faith, and their motives." *Mack*, 347 B.R. at 915. "Good faith is an intrinsic and integral component of the bankruptcy process." *Id.* "A debtor who does not act in good faith is not entitled to continue to enjoy the benefits, such as the automatic stay, afforded by the Bankruptcy Code." *Id.*

14. Debtor failed to list TitleMax as a secured creditor regarding the F150. Debtor failed to list the Avalanche as part of the estate. Debtor failed to make any colorable attempts to redeem the vehicles. Debtor and the estate have lost any and all interest in the vehicles by operation of law. The Debtor continued entering into new debts without the knowledge of the Trustee, the Court, and the Debtor's own attorneys after the filing of the petition for bankruptcy. Under the totality of the circumstances, TitleMax should be allowed relief from the automatic stay.

Page 4 of 6

Case 14-80298   Doc 116   Filed 05/18/15   Entered 05/18/15 10:34:14   Desc Main
Document     Page 4 of 6

WHEREFORE, premises considered, TitleMax requests this Honorable Court for relief from the automatic stay, an Order to the Debtor to deliver the Avalanche to TitleMax, and any other such relief the TitleMax may be entitled to.

Respectfully Submitted,

*/s/ Jeffrey L. Ingram*
Jeffery L. Ingram ING025

*/s/ Charles N. Miller*
Charles N. Miller MIL153

OF COUNSEL:
GALESE & INGRAM, P.C.
800 Shades Creek Pkwy, Suite 300
Birmingham, Alabama 35209
Tel: (205) 870-0663
Fax: (205) 870-0681
Email: jeff@galese-ingram.com
Email: charles@galese-ingram.com

## CERTIFICATE OF SERVICE

   I hereby certify that a copy of the foregoing pleading has been filed using the Court's electronic filing system on this the 18th day of May, 2015, which will provide notice to all attorneys and/or parties of record.

                /s/ Jeffrey L. Ingram

                /s/ Charles N. Miller

Please send notices to

Debtor's attorney
Chalres M. Ingrum, Jr.
Ingrum, Rice, & Parr, LLC
P.O. Box 229
Opelika, AL 36803
334.745.3333

Trustee
Curtis C. Reding
P.O. Box 173
Montgomery, AL 36101
334.262.8371