IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE:

ANDRAE RENAE CHAMBERS,  CASE NO.: 14-80298-WRS
  CHAPTER 13

DEBTOR.

## OBJECTION OF BRANCH BANKING AND TRUST COMPANY TO DEBTOR'S MOTION TO MODIFY CHAPTER 13 PLAN POST CONFIRMATION [DOC. 123] AS AMENDED BY [DOC. 124]

COMES NOW, Creditor Branch Banking and Trust Company ("BB&T"), and files its Objection to the Debtor's Motion to Modify Chapter 13 Post Confirmation, as amended. In support of this Objection, BB&T relies on the pleadings of record and the Affidavit of Mark Rabon ("Rabon Affidavit") attached hereto as **Exhibit A**. In response to said Motion [Doc. 123], as amended by [Doc. 124], BB&T avers the following:

### BACKGROUND

1. On March 7, 2014 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the Bankruptcy Code.

2. On March 27, 2014, Debtor filed his proposed Chapter 13 Plan ("Plan") [Doc. 16] and Bankruptcy Schedules and Income Statements ("Schedules") [Doc. 15].

3. On April 8, 2014, BB&T filed three Proofs of Claim (hereinafter referred to collectively as the "Claims") [Claim 8, Claim 9, and Claim 10] for three separate loans.

4. On June 20, 2014, the Order Confirming Plan [Doc. 47] was entered.

5. On June 25, 2015, Debtor filed a Motion to Modify Chapter 13 Plan Post Confirmation [Doc. 123], as amended by the Amended Motion to Modify Chapter 13 Plan Post Confirmation [Doc. 124] filed on June 26, 2015, seeking to remove all debt to BB&T.

6. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief requested herein is 11 U.S.C. §§ 1322, 1325, and 1329.

### CLAIM NO. 8 – LOAN NUMBER ----7040-00001

7. BB&T filed a Proof of Claim on April 8, 2014, [Claim 8] in the amount of $26,809.82.

8. Claim 8 was secured by a mortgage lien on real property located at 104 Combs St. & 200 Pineview Circle, Valley, Alabama 36854 ("Property 1"). *See* Rabon Affidavit.

9. BB&T filed a motion for relief for Property 1 [Doc. 26], and an order [Doc. 32] was entered granting the motion.

10. A foreclosure sale for Property 1 was held on December 5, 2014, and Property 1 was sold to the highest bidder for the amount of $26,625.00. A true and correct copy of the Foreclosure Deed for Property 1 is attached to the Rabon Affidavit as <u>Exhibit A-1</u>. *See* Rabon Affidavit.

11. The entire balance owed under Claim 8 was satisfied by the foreclosure sale bid. Therefore, BB&T will withdraw Claim 8, consents to Claim 8 being stricken from the record, and consents to the debt previously owed under Claim 8 being removed from the Plan.

### CLAIM NO. 9 – LOAN NUMBER ----7040-00002

12. BB&T filed a Proof of Claim on April 8, 2014, [Claim 9] in the amount of $44,338.22.

13. Claim 9 was secured by a mortgage lien on real property located at 3213 & 3215 19th Ave, Units A & B, Valley, Alabama 36854 ("Property 2"). *See* Rabon Affidavit.

14. BB&T filed a motion for relief for Property 2 [Doc. 26], and an order [Doc. 32] was entered granting the motion.

15. A foreclosure sale for Property 2 was held on December 5, 2014, and Property 2 was sold to the highest bidder for the amount of $11,701.00. A true and correct copy of the Foreclosure Deed for Property 2 is attached to the Rabon Affidavit as **Exhibit A-2**. *See* Rabon Affidavit.

16. The proceeds received from the foreclosure sale of Property 2 did not fully satisfy the debt owed under Claim 9. As of July 15, 2015, the amount outstanding on Claim 9, exclusive of expenses of collection, attorneys' fees and the costs of this action, is $36,467.92, consisting of principal in the amount of $26,286.45, accrued interest in the amount of $6,754.35, and costs of $3,427.13. *See* Rabon Affidavit.

17. By virtue of three Forbearance Agreements (the "Forbearance Agreements") dated September 17, 2013, Claim 9 is also secured by a mortgage lien on real property located at 302 U.S. Hwy 29, Valley, Alabama 36854 ("Property 3"). True and correct copies of the Forbearance Agreements are attached to BB&T's Motion for Relief [Doc. 26] as **Exhibits A-1.3, A-2.5, and A-3.3**. *See* Rabon Affidavit.

18. As a result, BB&T objects to the debt under Claim 9 being removed from the Plan, as Claim 9 is still secured by Property 3. BB&T does not oppose Claim 9 being reduced to reflect the amount of the new balance on Claim 9 after giving credit for the foreclosure sale proceeds from Property 2.

### CLAIM NO. 10 – LOAN NUMBER ----7040-00003

19. BB&T filed a Proof of Claim on April 8, 2014, [Claim 10] in the amount of $79,048.89.

20. Claim 10 is secured by a mortgage lien on Property 3. *See* Rabon Affidavit.

21. BB&T filed a motion for relief for Property 3 [Doc. 26], and an order [Doc. 32] was entered granting the motion.

22. However, due to certain environmental issues, BB&T has been unable to foreclose or otherwise obtain title to Property 3. *See* Rabon Affidavit.

23. Therefore, BB&T has yet to determine if there will be a deficiency after the foreclosure sale of Property 3.

24. As a result, BB&T objects to the debt under Claim 10 being removed from the Plan, as Claim 10 is still secured by Property 3.

25. BB&T has completed a search of its records regarding the account associated with Claim 10, and BB&T's records for Claim 10 do not show any foreclosure or satisfaction of the debt owed under Claim 10. *See* Rabon Affidavit.

26. BB&T's records show the debt under Claim 10 is still due and payable, as alleged in Claim 10. As of July 15, 2015, the amount outstanding on Claim 10, exclusive of expenses of collection, attorneys' fees and the costs of this action, is $95,308.64, consisting of principal in the amount of $64,726.18, accrued interest in the amount of $14,715.14, and fees of $15,867.32. *See* Rabon Affidavit.

27. Additionally, should the Court find that any portion of Claim 9 or Claim 10 is unsecured, BB&T is entitled to have its unsecured claims paid in full, as the Plan proposes to pay 100% of all unsecured claims.

WHEREFORE, based on the above, BB&T respectfully requests this Honorable Court:

1) Enter an Order denying Debtor's Motion to Modify Plan with respect to Claim 9 and Claim 10;

2) Enter an Order allowing Claim 9 and Claim 10 to stand and be paid in accordance with all applicable rules in reference to same; and

3) Enter an Order for such other and further relief as the Court deems just and proper.

Respectfully submitted this the 16th day of July, 2015.

/s/ D. Brent Hargett
D. Brent Hargett
Bar No.: ASB-5872-T62H
Counsel for BB&T
Our File No.: 37044.264

OF COUNSEL:
SASSER, SEFTON & BROWN, P.C.
P.O. Box 4539
Montgomery, AL 36103-4539
Telephone: (334) 532-3400
bhargett@sasserlawfirm.com

5

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a true and correct copy of the foregoing Objection to the Debtor, Counsel for Debtor, Bankruptcy Trustee, and Bankruptcy Administrator listed below by placing a copy of the same in the United States Mail first-class, postage prepaid, on this the 16th day of July, 2015.

Andrae Renae Chambers
302 Crestview Lane
Valley, AL 36854
Debtor

Charles M. Ingrum, Jr., Esq.
Ingrum, Rice & Parr, LLC
P.O. Box 229
Opelika, AL 36803
Attorney for Debtor

U.S. Bankruptcy Administrator
One Church Street
Montgomery, AL 36104

Curtis C. Reding
Bankruptcy Trustee
P.O. Box 173
Montgomery, AL 36101

                                          /s/ D. Brent Hargett

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE:

ANDRAE RENAE CHAMBERS,   CASE NO.: 14-80298-WRS
　　　　　　　　　　　　　CHAPTER 13

DEBTOR.

## AFFIDAVIT OF MARK RABON

STATE OF NORTH CAROLINA :

COUNTY OF WILSON :

Before me, the undersigned authority in and for said State and County, personally appeared Mark Rabon, who being known to me and after being duly sworn to me, does depose on oath and say as follows:

1. My name is Mark Rabon, and I am employed as a Vice President at Branch Banking and Trust Company, successor in interest to Colonial Bank by asset acquisition from the FDIC as Receiver for Colonial Bank ("**BB&T**" or "**Lender**"). I am over the age of twenty-one (21) years and competent to testify as to the matters contained herein. This affidavit is submitted in support of the Objection of BB&T to Debtor's Motion to Modify Chapter 13 Plan Post Confirmation ("**Motion**") in the above styled case.

2. Part of my employment is to monitor the processing of payments and/or communicate with various parties relating to a loan made by BB&T, which is currently in bankruptcy. I have custody and control of BB&T's records concerning loans to Andrae Renae Chambers ("**Debtor**"). I have an understanding of how the books, records, and computer systems relating to loan servicing work at BB&T. It is the normal course of business to maintain

the records relating to the account of the Debtor within a reasonable time after the transaction they reflect.

3. I am personally familiar with the account of the Debtor as denoted in this affidavit. All facts set forth herein are either facts I have personal knowledge of or are an accurate summary of the business records.

## CLAIM NO. 8 – LOAN NUMBER ----7040-00001

4. BB&T filed a Proof of Claim on April 8, 2014, [Claim 8] in the amount of $26,809.82.

5. Claim 8 was secured by a mortgage lien on real property located at 104 Combs St. & 200 Pineview Circle, Valley, Alabama 36854 ("Property 1").

6. BB&T filed a motion for relief for Property 1 [Doc. 26], and an order [Doc. 32] was entered granting the motion.

7. A foreclosure sale for Property 1 was held on December 5, 2014, and Property 1 was sold to the highest bidder for the amount of $26,625.00. A true and correct copy of the Foreclosure Deed for Property 1 is attached hereto as **Exhibit A-1**.

8. The entire balance owed under Claim 8 was satisfied by the foreclosure sale bid. Therefore, BB&T will withdraw Claim 8, consents to Claim 8 being stricken from the record, and consents to the debt previously owed under Claim 8 being removed from the Plan.

## CLAIM NO. 9 – LOAN NUMBER ----7040-00002

9. BB&T filed a Proof of Claim on April 8, 2014, [Claim 9] in the amount of $44,338.22.

10. Claim 9 was secured by a mortgage lien on real property located at 3213 & 3215 19th Ave, Units A & B, Valley, Alabama 36854 ("Property 2").

11. BB&T filed a motion for relief for Property 2 [Doc. 26], and an order [Doc. 32] was entered granting the motion.

12. A foreclosure sale for Property 2 was held on December 5, 2014, and Property 2 was sold to the highest bidder for the amount of $11,701.00. A true and correct copy of the Foreclosure Deed for Property 2 is attached hereto as <u>Exhibit A-2</u>.

13. The proceeds received from the foreclosure sale of Property 2 did not fully satisfy the debt owed under Claim 9. As of July 15, 2015, the amount outstanding on Claim 9, exclusive of expenses of collection, attorneys' fees and the costs of this action, is $36,467.92, consisting of principal in the amount of $26,286.45, accrued interest in the amount of $6,754.35, and costs of $3,427.13.

14. By virtue of three Forbearance Agreements (the "Forbearance Agreements") dated September 17, 2013, Claim 9 is also secured by a mortgage lien on real property located at 302 U.S. Hwy 29, Valley, Alabama 36854 ("Property 3"). True and correct copies of the Forbearance Agreements are attached to BB&T's Motion for Relief [Doc. 26] as <u>Exhibits A-1.3, A-2.5, and A-3.3</u>.

## CLAIM NO. 10 – LOAN NUMBER ----7040-00003

15. BB&T filed a Proof of Claim on April 8, 2014, [Claim 10] in the amount of $79,048.89.

16. Claim 10 is secured by a mortgage lien on Property 3.

17. BB&T filed a motion for relief for Property 3 [Doc. 26], and an order [Doc. 32] was entered granting the motion.

18. However, due to certain environmental issues, BB&T has been unable to foreclose or otherwise obtain title to Property 3.

19. Therefore, BB&T has yet to determine if there will be a deficiency after the foreclosure sale of Property 3.

20. BB&T has completed a search of its records regarding the account associated with Claim 10, and BB&T's records for Claim 10 do not show any foreclosure or satisfaction of the debt owed under Claim 10.

21. BB&T's records show the debt under Claim 10 is still due and payable, as alleged in Claim 10. As of July 15, 2015, the amount outstanding on Claim 10, exclusive of expenses of collection, attorneys' fees and the costs of this action, is $95,308.64, consisting of principal in the amount of $64,726.18, accrued interest in the amount of $14,715.14, and fees of $15,867.32.

22. The facts stated herein are true and correct and stated as based upon my own personal knowledge.

_____ (L.S.)
Mark Rabon

FURTHER AFFIANT SAYETH NOT.

Sworn to and subscribed before me on this the 15th day of July, 2015.

Kristel Bunn
NOTARY PUBLIC
My Commission Expires: 4/7/2016
(AFFIX NOTARIAL SEAL)

# EXHIBIT A-1

STATE OF ALABAMA )
COUNTY OF CHAMBERS )

## FORECLOSURE DEED

KNOW ALL MEN BY THESE PRESENTS, that:

WHEREAS, heretofore and on, ANDRAE CHAMBERS, a single person, ("Mortgagor"), executed that certain Mortgage to BRANCH BANKING AND TRUST COMPANY, successor in interest to Colonial Bank by asset acquisition from the Federal Deposit Insurance Corporation as Receiver for Colonial Bank ("Mortgagee"), which said Mortgage was recorded on October 7, 2002, as Document No. 2002-5168, as affected by that certain Assignment of Security Instruments and Other Loan Documents from the Federal Deposit Insurance Corporation in its capacity as Receiver for Colonial Bank to Branch Banking and Trust Company, recorded October 26, 2009, as Document No. 2009-4271, all aforesaid documents recorded in the Probate Office of Chambers County, Alabama; and

WHEREAS, default was made in the payment of the Mortgage indebtedness secured by said Mortgage, and Branch Banking and Trust Company, as holder of said Mortgage, did declare all of the indebtedness secured by said Mortgage due and payable, and said Mortgage subject to foreclosure as therein provided and did give due and proper notice of the foreclosure of said Mortgage in accordance with the terms thereof by publication in The LaFayette Sun, a newspaper of general circulation in Chambers County, Alabama, in its issues of November 5, November 12, and November 19, 2014; and

WHEREAS, on December 5, 2014, the day on which the foreclosure sale was due to be held under the terms of said notice, during the legal hours of sale, said foreclosure was duly and properly conducted and Branch Banking and Trust Company did offer for sale at public outcry, in front of the main entrance to the Courthouse at LaFayette, Chambers County, Alabama, to the highest bidder for cash, the hereinafter described real property; and

WHEREAS, the highest and best bid was the bid of $26,625.00, made by Branch Banking and Trust Company; and

WHEREAS, Kimberly C. Waldrop, as designated agent for Branch Banking and Trust Company, acted as auctioneer as provided by the terms of said Mortgage and conducted the sale; and,

WHEREAS, said Mortgage expressly authorized the person conducting said sale to execute to the purchaser at said sale the deed to the property so purchased,

NOW, THEREFORE, in consideration of the premises and payment of $26,625.00, by said Branch Banking and Trust Company, by and through said Kimberly C. Waldrop, auctioneer, does hereby GRANT, BARGAIN, SELL AND CONVEY unto the said Branch Banking and Trust Company, the following described real property, situated in the County of Chambers, State of Alabama, more particularly described as follows, to wit:

**Commencing at the Northeast corner of Section 24, Township 21 North, Range 28 East, Chambers County, Alabama and run South 88 degrees 44 minutes West along the Section line for 1,925.0 feet to a point on the North margin of the section line roads; thence South 6 degrees 21 minutes West to the South margin of said road 31.1 feet; thence South 1 degree 10 minutes West for 21.5 feet; thence South 1 degree 13 minutes West for 215.1 feet; thence South 1 degree 09 minutes West 1,179.2 feet; thence North 77 degrees 41 minutes West for 260.1 feet; thence South 6 degrees 07 minutes West for 228.7 feet; thence North 74 degrees 17 minutes West for 185.2 feet; thence North 74 degrees 11 minutes West for 199.3 feet; thence South 61 degrees 41 minutes West for 539.7 feet to the Point of**

CHAMBERS COUNTY, ALABAMA
BRANDY C EASLICK, PROBATE JUDGE
REC $20.25

12/11/2014 08:05:00AM
PAGE 1 OF 4

2014 4184

Case 14-80298    Doc 131    Filed 07/16/15    Entered 07/16/15 11:35:40    Desc Main
                Document      Page 13 of 19

Beginning; thence South 14 degrees 29 minutes East along the West margin of Combs Street for 156.5 feet; thence South 80 degrees 43 minutes West for 190.8 feet to the East margin of a 30 foot street for a corner; thence North 4 degrees 03 minutes East along the East margin of said street 261.7 feet to the South margin of the Fairfax Road; thence South 56 degrees 58 minutes East along the South margin of said road 102.4 feet; thence South 62 degrees 52 minutes East along the South margin of said road 50.3 feet to the Point of Beginning, containing 0.743 acre more or less, in Section 24, Township 21 North, Range 28 East, Chambers County, Alabama, identified as PARCEL 3 on plat of survey by David B. Miller, R.L.S., AL. Reg. No. 6259, dated May 28, 1986, recorded in Plat Cabinet C, Slide 68 in the Office of the Judge of Probate of Chambers County, Alabama. This is the same property described in Document 1999-728, and that property described as Parcel 3 in deed recorded in Deed Volume 247, Page 590. This is also the same property acquired by Mortgagor by deed from L. S. Combs, III recorded simultaneously with the recording of this mortgage, this being a PURCHASE MONEY MORTGAGE.

TO HAVE AND TO HOLD the above described property unto the said Branch Banking and Trust Company, its successors and assigns, forever; subject, however to the statutory right of redemption on the part of those entitled to redeem from such foreclosure as provided by the laws of the State of Alabama and the United States of America, as such laws are interpreted and enforced by the courts of Alabama and the United States.

The said property was sold on an "as is, where is," basis subject to any easements, encumbrances, and exceptions contained in said mortgage and those contained in the records in the Office of the Judge of Probate where the above-described property is situated. Said property was sold without warranty or recourse, express or implied as to title, use and/or enjoyment and was sold subject to the right of redemption of all parties entitled thereto.

IN WITNESS WHEREOF, the said Branch Banking and Trust Company, by Kimberly C. Waldrop, as auctioneer conducting said sale has caused these presents to be executed on the 9th day of December, 2014.

*Kimberly C. Waldrop*
Kimberly C. Waldrop, as designated
agent and auctioneer conducting said
sale

THIS INSTRUMENT PREPARED BY:
D. Brent Hargett, Esq.
Sasser, Sefton & Brown, P.C.
445 Dexter Avenue, Suite 8050
Montgomery, Alabama 36104
(334) 532-3400

CHAMBERS COUNTY, ALABAMA
BRANDY C EASLICK, PROBATE JUDGE
REC $20.25

12/11/2014 08:05:00PM
PAGE 2 OF 4

2014 4184

2

Case 14-80298   Doc 131   Filed 07/16/15   Entered 07/16/15 11:35:40   Desc Main
Document      Page 14 of 19

STATE OF ALABAMA            )
COUNTY OF MONTGOMERY   )

    I, Stephanie L Cloutier, a Notary Public in and for said County, in said State, hereby certify that Kimberly C. Waldrop, whose name as Auctioneer, is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, she, in her capacity as such auctioneer, executed the same voluntarily on the day the same bears date.

    GIVEN under my hand and official seal this 9th day of December, 2014.

                                                                           NOTARY PUBLIC
                                                                           My Commission Expires: 7-13-15

Grantee's Address:
Branch Banking and Trust Company
ATTN: CREO ADMIN.
445 Dexter Avenue, Suite 8000
Montgomery, AL 36104

CHAMBERS COUNTY, ALABAMA
BRANDY C EASLICK, PROBATE JUDGE
REC $20.25

12/11/2014 08:05:00AM
PAGE 3 OF 4

2014 4184

# Real Estate Sales Validation Form
*This Document must be filed in accordance with Code of Alabama 1975, Section 40-22-1*

| | | | |
|---|---|---|---|
| Grantor's Name | Andrae Chambers | Grantee's Name<br>Mailing Address | Branch Banking and Trust Company<br>ATTN: CREO Admin.<br>445 Dexter Avenue, Suite 8000<br>Montgomery, AL 36104 |
| Mailing Address | 302 Crestview Lane<br>Valley, AL 36854 | | |
| Property Address | 104 Combs Street and<br>200 Pineview Circle<br>Valley, AL 36854 | Date of Sale<br>Total Purchase Price<br>or<br>Actual Value<br>or<br>Assessor's Market Value | 12/05/14<br>$26,625.00<br><br>$ N/A<br><br>$ N/A |

The purchase price or actual value claimed on this form can be verified in the following documentary evidence:
(check one) (Recordation of documentary evidence is not required)

☐ Bill of Sale  ☐ Appraisal

☐ Sales Contract  ■ Other - **FORECLOSURE SALE – TAX EXEMPT**

☐ Closing Statement

If the conveyance document presented for recordation contains all of the required information referenced above, the filing of this form is not required.

---

## Instructions

Grantor's name and mailing address – provide the name of the person or persons conveying interest to property and their current mailing address.

Grantee's name and mailing address – provide the name of the person or persons to whom interest to property is being conveyed.

Property address – the physical address of the property being conveyed, if available.

Date of Sale – the date on which interest to the property was conveyed.

Total purchase price – the total amount paid for the purchase of the property, both real and personal, being conveyed by the instrument offered for record.

Actual value – if the property is not being sold, the true value of the property, both real and personal, being conveyed by the instrument offered for record. This may be evidenced by an appraisal conducted by a licensed appraiser or the assessor's current market value.

If no proof is provided and the value must be determined, the current estimate of fair market value, excluding current use valuation, of the property as determined by the local official charged with the responsibility of valuing property for property tax purposes will be used and the taxpayer will be penalized pursuant to Code of Alabama 1975 § 40-22-1 (h).

I attest, to the best of my knowledge and belief that the information contained in this document is true and accurate. I further understand that any false statements claimed on this form may result in the imposition of the penalty indicated Code of Alabama 1975 § 40-22-1 (h).

Date  12/09/14

Print  Branch Banking and Trust Company

____ Unattested       SLC
             (verified by)

Sign  *[signature]*
(Grantor/Grantee/Owner/(Agent)) circle one
Kimberly C. Waldrop, Esq.
Sasser, Sefton & Brown, P.C.
Post Office Box 4539
Montgomery, Alabama 36103-4539
(334) 532-3400

CHAMBERS COUNTY, ALABAMA
BRANDY C EASLICK, PROBATE JUDGE
REC $20.25
12/11/2014 08:05:00AM
PAGE 4 OF 4
2014/4184
Form RT-1

Case 14-80298    Doc ... Filed 07/16/15    Entered 07/16/15 11:35:40    Desc Main
Document    Page 16 of 19

# EXHIBIT A-2

STATE OF ALABAMA )
COUNTY OF CHAMBERS )

## FORECLOSURE DEED

KNOW ALL MEN BY THESE PRESENTS, that:

WHEREAS, heretofore and on, ANDRAE CHAMBERS, a single person, ("Mortgagor"), executed that certain Mortgage to BRANCH BANKING AND TRUST COMPANY, successor in interest to Colonial Bank by asset acquisition from the Federal Deposit Insurance Corporation as Receiver for Colonial Bank ("Mortgagee"), which said Mortgage was recorded on August 18, 2004, as Document No. 2004-4054, and that certain Assignment of Rents recorded on August 18, 2004, as Document No. 2004-4055, as both are affected by that certain Assignment of Security Instruments and Other Loan Documents from the Federal Deposit Insurance Corporation in its capacity as Receiver for Colonial Bank to Branch Banking and Trust Company, recorded October 26, 2009, as Document No. 2009-4271, all aforesaid documents recorded in the Probate Office of Chambers County, Alabama; and

WHEREAS, default was made in the payment of the Mortgage indebtedness secured by said Mortgage, and Branch Banking and Trust Company, as holder of said Mortgage, did declare all of the indebtedness secured by said Mortgage due and payable, and said Mortgage subject to foreclosure as therein provided and did give due and proper notice of the foreclosure of said Mortgage in accordance with the terms thereof by publication in The LaFayette Sun, a newspaper of general circulation in Chambers County, Alabama, in its issues of November 5, November 12, and November 19, 2014; and

WHEREAS, on December 5, 2014, the day on which the foreclosure sale was due to be held under the terms of said notice, during the legal hours of sale, said foreclosure was duly and properly conducted and Branch Banking and Trust Company did offer for sale at public outcry, in front of the main entrance to the Courthouse at LaFayette, Chambers County, Alabama, to the highest bidder for cash, the hereinafter described real property, and

WHEREAS, the highest and best bid was the bid of $11,701.00, made by Brown Land & Investment, Inc., and West Point Properties, L.L.C.; and

WHEREAS, Kimberly C. Waldrop, as designated agent for Branch Banking and Trust Company, acted as auctioneer as provided by the terms of said Mortgage and conducted the sale; and,

WHEREAS, said Mortgage expressly authorized the person conducting said sale to execute to the purchaser at said sale the deed to the property so purchased,

NOW, THEREFORE, in consideration of the premises and payment of $11,701.00, by said Brown Land & Investment, Inc., and West Point Properties, L.L.C., by and through said Kimberly C. Waldrop, auctioneer, does hereby GRANT, BARGAIN, SELL AND CONVEY unto the said Brown Land & Investment, Inc., and West Point Properties, L.L.C., the following described real property, situated in the County of Chambers, State of Alabama, more particularly described as follows, to wit:

**Lots Numbered 13 and 14, in Block K, according to a plat showing Subdivision of Property of Alfred F. Zachry and Kathryn Zachry Everitt located in Section 6, Township 21, Range 29, of Chambers County, Alabama, known as TODD ADDITION. Said plat was prepared by J. C. Carr, C.E., dated December 1937, and is recorded in Plat Book 1, Page 36, in the Office of the Judge of Probate of Chambers County, Alabama. Said plat is included herein by reference.**

CHAMBERS COUNTY, ALABAMA
BRANDY C EASLICK, PROBATE JUDGE
REC $14.25

12/22/2014 02:15 57PM
PAGE 1 OF 2

2014 4324

Case 14-80298    Doc 131    Filed 07/16/15    Entered 07/16/15 11:35:40    Desc Main
            Document    Page 18 of 19

TO HAVE AND TO HOLD the above described property unto the said Brown Land & Investment, Inc., and West Point Properties, L.L.C., their successors and assigns, forever; subject, however to the statutory right of redemption on the part of those entitled to redeem from such foreclosure as provided by the laws of the State of Alabama and the United States of America, as such laws are interpreted and enforced by the courts of Alabama and the United States.

The said property was sold on an "as is, where is," basis subject to any easements, encumbrances, and exceptions contained in said mortgage and those contained in the records in the Office of the Judge of Probate where the above-described property is situated. Said property was sold without warranty or recourse, express or implied as to title, use and/or enjoyment and was sold subject to the right of redemption of all parties entitled thereto.

IN WITNESS WHEREOF, the said Branch Banking and Trust Company, by Kimberly C. Waldrop, as auctioneer conducting said sale has caused these presents to be executed on the 9th day of December, 2014.

_____
Kimberly C. Waldrop, as designated agent and auctioneer conducting said sale

THIS INSTRUMENT PREPARED BY:
D. Brent Hargett, Esq.
Sasser, Sefton & Brown, P.C.
445 Dexter Avenue, Suite 8050
Montgomery, Alabama 36104
(334) 532-3400

STATE OF ALABAMA )
COUNTY OF MONTGOMERY )

I, Stephanie L Cloutier, a Notary Public in and for said County, in said State, hereby certify that Kimberly C. Waldrop, whose name as Auctioneer, is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, she, in her capacity as such auctioneer, executed the same voluntarily on the day the same bears date.

GIVEN under my hand and official seal this 9th day of December, 2014.

_____
NOTARY PUBLIC
My Commission Expires: 7-13-15

Grantee's Address:
Brown Land & Investment, Inc.
and West Point Properties, L.L.C.
P.O. Box 8
West Point, GA 31833-0008

CHAMBERS COUNTY, ALABAMA
BRANDY C EASLICK, PROBATE JUDGE
REC $14.25

12/22/2014 02 15 57PM
PAGE 2 OF 2
2014 4324

2